UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
JUN 1 4 2002
Michael N. Milby
Clerk of Court

LUCINA HERNANDEZ DE MONTALVO, )
JOSE LUIS OROSCO, )
PEDRO CASTILLO-LUNA, and )
   Petitioners, )
  )
v. ) C.A. B-02.126
  )
E.M. TROMINSKI, INS DISTRICT DIRECTOR, )
JOHN ASHCROFT, U.S. ATTORNEY GENERAL, )
   Respondents. )
_____)

### PETITION FOR HABEAS CORPUS

Petitioners, through counsel, hereby file the instant petition for writs of habeas corpus. Petitioners are already members of the putative class in *Reyna-Montoya et al v. Trominski et al*, C.A. B-02-026, which class has not yet been certified. They initially sought to be joined as plaintiffs in said action, but discovered that their motion was having the unintended effect of delaying resolution of that case. Therefore, they withdrew said motion, and are filing the instant petition, in their own names and right.

### I. JURISDICTION AND VENUE

1. Jurisdiction is laid under 28 U.S.C. §§2241 (habeas corpus), 1331 (federal question), and 1346(a)(2) (actions against Officers of the United States), and pursuant to 28 U.S.C. §2201 et seq, (Declaratory Judgment Act).

2. Many of the acts and omissions complained of herein occurred in Harlingen, Texas, where Respondent Trominski maintains his offices. Further, Petitioners are currently detained by Respondents at the Port Isabel Service Processing Center, ("PISPC") in Bayview, Texas, within the jurisdiction of this Court.

## II. THE PARTIES

3. All three Petitioners are natives and citizens of Mexico, and lawful permanent residents of the United States, ("LPRs"). All three are currently detained by Respondents, without bond, at PISPC, allegedly pursuant to the authority of 8 U.S.C. §1226(c).

4. Respondent Trominski is the District Director of the Harlingen, Texas, INS office, and Respondent Ashcroft is the duly appointed Attorney General of the United States.

## III. THE FACTS

5. Petitioner Montalvo has a U.S. citizen husband, and two USC daughters, ages five and ten. She was granted deferred adjudication for simple possession of marijuana, and has been detained by INS ever since.

6. Petitioners Castillo and Luna also have U.S. citizen spouses and children, and in both cases, own their own homes. They were also given deferred adjudication for marijuana offenses.

## IV. THE CAUSES OF ACTION
### 1. HABEAS CORPUS

Petitioners assert that their detention violates the laws and Constitution of the United States, as well as international law and treaty obligations with their native country of Mexico, which claims are cognizable in habeas corpus under 28 U.S.C. §2241.

They therefore request that their habeas petition be granted, and that a preliminary and permanent injunction issue, requiring that Respondents grant prompt hearings on their requests for bond, at which their right to bond is adjudicated on the basis of whether they present a flight risk, or constitute a threat or danger to the community, and that Respondents abide by the results of said hearings, without regard to the provisions of 8 U.S.C. §1226(c).

## 2. DECLARATORY JUDGMENT

Petitioners seek a Declaratory Judgment, declaring that, as applied to them, LPRs held indefinitely without bond during pendency of removal proceedings, 8 U.S.C. §1226(c)(1) violates both Substantive and Procedural Due Process. Furthermore, because Petitioners are LPRs, they have a fundamental right to unite with their family within the United States, and an important liberty interest in being able to seek bond while awaiting removal proceedings to determine whether they will be allowed to stay in the United States, or whether a final order of removal will be entered which then, and only then, would terminate their status as LPRs.

Petitioners also seek a Declaratory Judgment, declaring that in order for Respondents to lawfully detain they, they must show significant special justification that this civil detention would be justified, in light of their status as LPRs.

## 3. INJUNCTIVE RELIEF

Petitioners further seek a preliminary and permanent injunction, restraining and enjoining Respondents from holding them as "mandatory detainees" under 8 U.S.C. §1226(c)(1) without affording them a bond hearing before an Immigration Judge, at which their entitlement to bond during the pendency of removal proceedings is adjudicated on the basis of whether they present a flight risk, or constitute a threat or danger to the community.

## 4. OTHER AND FURTHER RELIEF

Finally, Petitioners seek such other and further relief, including costs and attorneys fees, as this Honorable Court may find to be just and appropriate under all of the circumstances.

Respectfully Submitted,

*[signature]*

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586          Fed. ID.  1178
(956) 421-3226                Texas Bar 03052800
(956) 421-3423 (fax)

**VERIFICATION**

I, Lisa S. Brodyaga, hereby certify that I am familiar with the facts as stated above, and that they are true and correct to the best of my knowledge and belief.

_____

**CERTIFICATE OF SERVICE**

I certify that a courtesy copy of the foregoing, was mailed to Paul Fiorino, (Attorney for Respondents in *Reyna-Montoya et al v. Trominski et al*, CA B-02-026), OIL, Box 878 Ben Franklin Sta. Wash. D.C. 20044, on this 14th day of June, 2002.

_____